Sarah E. Marinho, SBN 293690
Dmitry Stadlin, SBN 302361
**STADLIN MARINHO LLP**
111 N. Market St., Suite 300
San Jose, CA 95113
T: (408) 645-7801
F: (408) 645-7802
E: sm@stadlinmarinho.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC JONES,<br><br>                Plaintiff,<br><br>       v.<br><br>COUNTY OF SAN MATEO COUNTY, JAMES SALOMAA, NICHOLAS JANAKOS, and DENNIS LOUBAL,<br><br>                Defendants. | Case No. 21-cv-06017<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1. Plaintiff Isaac Jones files this complaint against the County of San Mateo and Correctional Deputy James Salomaa, Officer Nicholas Janakos, and Sergeant Dennis Loubal hereinafter Defendants, because on August 5, 2019, Defendants failed to protect Isaac Jones from a brutal and foreseeable attack by a man twice his size whom Defendants were aware had a recent history of unprovoked attacks on people who were in the custody of the San Mateo County Sheriff's Office.

/

---
Complaint for Violation of Civil Rights
Isaac Jones v. County of San Mateo, et al.
Case No. 21-cv-06017

1

**JURISDICTION**

2. The claims alleged herein arise pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because the unlawful acts, practices and omissions giving rise to the claims brought by Plaintiff occurred in the County of San Mateo, which is within this judicial district.

**PARTIES**

5. Plaintiff Isaac Jones was at all times complained of herein, a pretrial detainee in the custody of Defendant San Mateo County's Sheriff's Office.

6. Defendant County of San Mateo is a municipal corporation duly organized under the laws of the State of California.  San Mateo County Sheriff's Office is a subdivision of County, and the Sheriff's Office Corrections Division operates the County's jail facilities and ensures that detainees get to and from court.  County is responsible for ensuring that jail policies and practices do not violate individuals' substantive and procedural due process rights.

7. At all times mentioned herein, Defendant James Salomaa was employed as a correctional deputy for defendant County.  Defendant Salomaa is sued individually and as a correctional deputy for the County.  By engaging in the conduct described below, Defendant Salomaa acted under the color of law and in the course and scope of his employment for Defendant County.  By engaging in the         conduct described here, Defendant Salomaa

Complaint for Violation of Civil Rights
Isaac Jones v. County of San Mateo, et al.
Case No. 21-cv-06017

2

exceeded the authority vested in him as a correctional deputy under the United States Constitution and as an employee of the County.

8. At all times mentioned herein, Defendant Dennis Loubal was employed as a correctional sergeant for defendant County. Defendant Loubal is sued individually and as a correctional sergeant for the County. By engaging in the conduct described below, Defendant Loubal acted under the color of law and in the course and scope of his employment for Defendant County. By engaging in the conduct described here, Defendant Loubal exceeded the authority vested in him as a correctional sergeant under the United States Constitution and as an employee of the County.

9. At all times mentioned herein, Defendant Nicholas Janakos was employed as a correctional officer for defendant County. Defendant Janakos is sued individually and as a correctional officer for the County. By engaging in the conduct described below, Defendant Janakos acted under the color of law and in the course and scope of his employment for Defendant County. By engaging in the conduct described here, Defendant Janakos exceeded the authority vested in him as a correctional officer under the United States Constitution and as an employee of the County.

## FACTUAL ALLEGATIONS

**San Mateo County Sheriff's Deputy Placed Plaintiff in a Locked Cell with a Known Violent Felon with a Recent History of Unprovoked Attacks**

10. On August 5, 2019, Plaintiff Isaac Jones was in the custody of the San Mateo County Sheriff's Office for a non-violent offense and was in a holding area for detainees being transported to and from court, when Deputy James Salomaa placed him into a holding cell with Alan Joseph Marquez.

Complaint for Violation of Civil Rights
Isaac Jones v. County of San Mateo, et al.
Case No. 21-cv-06017

3

11. At the time Salomaa placed Marquez and Jones into the cell together, Salomaa knew that Marquez had committed multiple recent unprovoked attacks on fellow prisoners on days he had court, including two other attacks since June of 2019 which had resulted in criminal charges against Marquez.

12. Salmoaa's supervisor at the time, Sergeant Dennis Loubal, was present when Salomaa placed Marquez and Jones into the cell together and knew that Marquez was a serious threat to Jones' safety.

13. Correctional Officer Nicholas Janakos was present in the holding area when Jones was put into the holding cell with Marquez, yet he failed to protect Jones from Marquez' foreseeable attack even though he had been personally present when Marquez had attacked someone else without provocation on a prior occasion.

14. There were other areas where Jones could have been placed rather than in the cell with Marquez, including other holding cells, benches or the hallway.

15. Jones did not know Marquez, had never interacted with him before and knew nothing about his propensity for violence.

16. At the time of the incident, Marquez weighed 240 pounds and was approximately six feet tall.  Jones weighed about 120 pounds and was approximately five feet six inches tall.

17. Video shows that within 30 seconds of Marquez and Jones being put together in the holding cell, Marquez attacked Jones as he was sitting on the bench, striking him multiple times in the head, face and neck. Jones fell to the ground in the fetal position.

18. Marquez used a sharpened toothbrush as a weapon and attacked Jones with the shank, using a stabbing motion, striking him in the head, neck and back.

Complaint for Violation of Civil Rights
Isaac Jones v. County of San Mateo, et al.
Case No. 21-cv-06017

4

19. As Jones lay in the fetal position with his hands and arms trying to protect his face and neck from being stabbed, Marquez viciously stomped his head, then kicked his head.

20. Deputy Salomaa heard the altercation, so he and Sergeant Dennis Loubal responded to the cell. Salomaa saw Marquez on top of Jones and Marquez was kicking Jones in the face.

21. Salomaa pulled the back of Marquez' shirt and pulled him away from Jones to the other side of the cell.

22. Jones had visible injuries to his head, including a puncture wound from the shank.

23. Jones thought that he would be killed during the incident.

24. Salomaa arrested Marquez for attempted murder of Jones.

25. Marquez was subsequently convicted of felony violation of California Penal Code Section 245(a)(4), Assault by Means Likely to Produce Great Bodily Injury, for his attack on Jones.

**San Mateo County was on Notice that Marquez Had a Recent History of Unprovoked Attacks, but Pursuant to Custom, Marquez was Not Segregated to Protect Others**

26. On June 10, 2019, Marquez was in the custody of the San Mateo County Sheriff's Office and was in a holding cell on the fourth floor of the San Mateo County Hall of Justice for his arraignment on two violent felony assaults that had occurred June 8, 2019. Out of nowhere, Marquez brutally attacked a fellow prisoner, Bruce Devisser, striking him with closed fists on his face, head and body, and kicking him in the chest. This attack was witnessed by Deputy Kristopher Hart and was also captured on surveillance video.

27. As with the attack that would later occur on Plaintiff Isaac Jones, the attack on Devisser was unprovoked; Marquez and Devisser did not know each other and had not interacted prior to the attack.

Complaint for Violation of Civil Rights
Isaac Jones v. County of San Mateo, et al.
Case No. 21-cv-06017

5

28. As with the attack on Jones, Devisser did not strike Marquez and just covered his head and face with his hands to the extent he could due to be restrained in waist chains.

29. As with the attack on Jones, Devisser suffered pain to his head.

30. The next day, Marquez struck again. On June 11, 2019, Marquez was being escorted down the path connecting the San Mateo County Maguire Correctional Facility to the courthouse. Marquez and some fellow prisoners were waiting to be transported to court when Marquez purposely rammed the man in front of him, Juan Guardado-Laines, and then began to strike him multiple times in the abdominal area with closed fists.

31. As with the attack that would later occur on Plaintiff Isaac Jones, the attack on Guardado-Laines was unprovoked; Marquez and Guardado-Laines did not know each other and had not interacted prior to the attack.

32. As with the attack on Jones, Guardado-Laines did not strike Marquez.

33. Correctional Officer Nicholas Janakos was present for this attack on Guardado-Laines and was also on duty in the holding area when Jones was later placed in the cell with Marquez and attacked, yet he failed to protect Jones from Marquez' foreseeable attack.

34. The attacks leading up to the attack on Plaintiff resulted in the Sheriff's Office referring Marquez to the District Attorney's Office for criminal charges.

35. The Sheriff's Office therefore had notice of Marquez' propensity for violence towards other people in custody yet, pursuant to County custom, staff failed to segregate him for the protection of others as required by Title 15 (15 CCR 1053; 15 CCR 1055). This failure was due to the omission of a policy regarding segregating violent prisoners, a practice of not segregating violent prisoners, and/or a failure to train staff on segregating violent prisoners with a history of violence on other people in      custody. The practice of not properly

_____
Complaint for Violation of Civil Rights
Isaac Jones v. County of San Mateo, et al.
Case No. 21-cv-06017

segregating violent prisoners is evinced by the fact that on multiple occasions, multiple Sheriff's Office staff made the decision to not segregate Marquez despite his objective propensity for violence. Those decisions not to segregate Marquez include at the time of his booking into the jail on June 8, 2019 for violent attacks on two different victims, and again after his attacks on June 10 and June 11.

36. This constitutionally deficient custom of failing to protect people like Jones from dangerous people like Marquez was the direct cause of Jones' injuries.

37. Defendants Salomaa, Loubal and Janakos were deliberately indifferent to Jones's safety when they followed this unacceptable custom and allowed Jones to be placed with Marquez despite his assaultive behavior.

**Plaintiff Isaac Jones Suffered Physical and Emotional Injuries as a Result of Defendants' Acts and Omissions.**

38. Plaintiff Isaac Jones suffered head injuries and had headaches for weeks following the attack. He was previously diagnosed with Post-Traumatic Stress Disorder ("PTSD") before this attack, and his PTSD was exacerbated by the savage attack by Marquez. Jones continues to suffer depression, anxiety, nightmares, flashbacks and fear due to this wholly preventable attack and now seeks compensation for this violation of his constitutional rights.

//

Complaint for Violation of Civil Rights
Isaac Jones v. County of San Mateo, et al.
Case No. 21-cv-06017

7

# CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Failure to Protect
### Against Defendants Salomaa, Loubal and Janakos and *Monell* Liability as to County of San Mateo

39. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs of this Complaint as though fully set forth herein.

40. Defendants could have taken action to prevent unnecessary harm to Plaintiff, but refused or failed to do so.

41. Defendants demonstrated deliberate indifference to their constitutional obligation to protect Plaintiff from harm.

42. Defendants were on notice that Plaintiff faced a heighted risk of harm, as Plaintiff was subject to attack by Marquez, who was known to all Defendants as a combative detainee who was twice Plaintiff's size.

43. The County has a policy and practice of not ensuring that people are housed in areas where they will be safe from violence, a custom of failing to segregate combative detainees, and a policy and practice of failing to supervise holding cells to prevent physical violence among those detained. These policies and practices directly caused Plaintiff to be beaten by Marquez upon placement in the holding cell, demonstrating County's deliberate indifference to Plaintiff's safety.

44. As a result of the County's failure to protect Plaintiff, and the County's policies and procedures, Plaintiff Isaac Jones suffered head injuries and had headaches for weeks following the attack.  He was previously diagnosed with Post-Traumatic Stress Disorder ("PTSD") before

Complaint for Violation of Civil Rights
Isaac Jones v. County of San Mateo, et al.
Case No. 21-cv-06017

8

this attack, and his PTSD was exacerbated by the savage attack by Marquez.  Jones continues to suffer depression, anxiety, nightmares, flashbacks and fear.

Dated: August 4, 2021

      /s/Sarah E. Marinho
SARAH E. MARINHO
Attorney for Plaintiff

**JURY TRIAL DEMANDED**

Dated: August 4, 2021

      /s/Sarah E. Marinho
SARAH E. MARINHO
Attorney for Plaintiff

Complaint for Violation of Civil Rights
Isaac Jones v. County of San Mateo, et al.
Case No. 21-cv-06017

9