UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISAAC JONES,

    Plaintiff,

    v.

COUNTY OF SAN MATEO, et al.,

    Defendants.

Case No. 3:21-cv-06017-WHO

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 18

Plaintiff Isaac Jones was assaulted by another detainee while in pretrial custody of the San Mateo County Sheriff's Office (the "Sheriff's Office"). He alleges that the assaulter had previously attacked other detainees for no reason while in Sheriff's Office custody. He sued the County of San Mateo (the "County") and three of the facility's officials for violating his constitutional right to be free from violence by other detainees. The County and two of the officials move to dismiss. The motion is denied when it comes to the claim against the individual defendants: Jones has adequately pleaded that they knew or should have known of the risk to him and exposed him to it anyway. The claim against the County is dismissed with leave to amend so that Jones can adequately plead the existence of an unconstitutional policy or custom.

**BACKGROUND**

On August 5, 2019, plaintiff Isaac Jones was held in pretrial detention by the Sheriff's Office. Complaint ("Compl.") [Dkt. No. 1] ¶¶ 8, 10. He was put in a holding area for detainees being transported to and from court. *Id.* ¶ 10. Defendant James Salomaa, a deputy on duty, placed Jones in a holding cell with Alan Joseph Marquez. *Id.*

Marquez weighed 240 pounds and was six feet tall; Jones weighed 120 pounds and was five feet, six inches. *Id.* ¶ 16. "[W]ithin 30 seconds" of Jones being placed in the holding cell,

1   Marquez attacked him. *Id.* ¶ 17. According to Jones, Marquez "str[uck] him multiple times in the

2   head, face[,] and neck." *Id.* Marquez used a sharpened toothbrush as a shank, stabbing him in the

3   head, neck, and back. *Id.* ¶ 18. Jones fell to the ground into a fetal position. *Id.* ¶ 17. While

4   Jones was on the ground, Marquez stomped and kicked his head. *Id.* ¶ 19. Salomaa heard the

5   fight. *Id.* ¶ 20. He and his sergeant, defendant Dennis Loubal, went to the cell and Salomaa

6   pulled Marquez off Jones. *Id.* ¶ 21. Jones had injuries to his head and a puncture wound. *Id.* ¶

7   22. Salomaa arrested Marquez for "attempted murder." *Id.* ¶ 24.[1]

8   Jones alleges that there were other areas he could have been held in than that cell,

9   including other cells. *Id.* ¶ 14. He did not know Marquez. *Id.* ¶ 15. He says that the attack was

10  unprovoked. *Id.* ¶ 27. Correctional officer and defendant Nicholas Janakos was also on duty

11  when Jones was put in the holding cell with Marquez. *Id.* ¶ 33.

12  Jones alleges that this was not Marquez's first attack while in the custody of the Sheriff's

13  Office. According to him, Marquez was in a holding cell in the San Mateo County Hall of Justice

14  on June 10, 2019, less than two months before the attack at issue. *Id.* ¶ 26. While there, Marquez

15  attacked another detainee "out of nowhere." *Id.* Jones claims that a deputy (who is not a

16  defendant here) witnessed the attack and that it was caught on the surveillance video. *Id.* This

17  attack, Jones claims, was also unprovoked and between strangers. *Id.* ¶ 27. Then, on June 11,

18  2019, Marquez "rammed" another detainee while they were waiting in the Maguire Correctional

19  Facility. *Id.* ¶ 30. He struck him multiple times. *Id.* This attack, again, was unprovoked and

20  between strangers. *Id.* Janakos was also on duty during this attack. *Id.* ¶ 33. Jones claims that

21  the Sheriff's Office referred Marquez to the district attorney's office for both of these attacks. *Id.*

22  ¶ 34.

23  Jones filed suit against the County, Salomaa, Janakos, and Loubal in August 2021 under 42

24  U.S.C. § 1983. He alleges that the Sheriff's Office "had notice of Marquez'[s] propensity for

25  violence towards other people in custody." *Id.* ¶ 35. He asserts that the County has a custom of

26  failing to segregate Marquez for the protection of others. *Id.* He challenges the County's alleged

27

28  [1] Marquez was convicted for felony assault. Compl. ¶ 25.

United States District Court
Northern District of California

"omission of a policy regarding segregating violent prisoners, [] practice of not segregating violent prisoners, and/or [] failure to train staff on segregating violent prisoners with a history of violence on other people in custody." *Id.* And Jones claims that Salomaa, Loubal, and Janakos were "deliberately indifferent" to his safety by placing him in the cell. *Id.* ¶ 37.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

Jones brings a single claim, based on several theories, under 42 U.S.C. § 1983[2] for alleged constitutional violations.

## I.  CLAIM AGAINST THE INDIVIDUAL DEFENDANTS

Salomaa and Loubal (not Janakos) move to dismiss the claim against them.[3] For the reasons that follow, their motion is denied.

State pretrial detainees have a constitutional right, based on the Due Process Clause of the Fourteenth Amendment, "to be free from violence from other inmates." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc). As a result, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and citations omitted).[4] As the Supreme Court has explained, because the government has "stripped [detainees] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id.*

To hold a correctional official liable for a failure to protect, the plaintiff must show that the official acted with deliberate indifference. *Castro*, 833 F.3d at 1068. In the context of a pretrial detainee's claim, the Ninth Circuit has held that a plaintiff must satisfy four elements. First, the officer must have "made an intentional decision with respect to the conditions under which the plaintiff was confined." *Id.* at 1071. Second, the conditions must have "put the plaintiff at

---

[2] As relevant here, 42 U.S.C. § 1983 provides, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[3] The defendants' *notice* of motion states that Janakos moves to dismiss. Dkt. No. 18 at ECF 2. The substance of the motion, however, does not do so.

[4] *Farmer* and several other cases in this area address the Eighth Amendment and convicted prisoners. But the Supreme Court and Ninth Circuit have expressly applied the standards under that law to pretrial detainees. *See Castro*, 833 F.3d at 1067; *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

1 substantial risk of suffering serious harm." *Id.* Third, the officer must have failed to "take
2 reasonable available measures to abate that risk, even though a reasonable officer in the
3 circumstances would have appreciated the high degree of risk involved—making the
4 consequences of the defendant's conduct obvious." *Id.* The court has explained that this means
5 the officer's "conduct must be objectively unreasonable, a test that will necessarily turn on the
6 facts and circumstances of each particular case." *Id.* (internal quotation marks and citations
7 omitted). Fourth, the officer's failure to take those measures must have caused the plaintiff's
8 injury. *Id.*

9 Here, Salomaa and Loubal (for purposes of this section, "the defendants") argue that the
10 Complaint fails to adequately allege the third element. *See* Motion to Dismiss ("Mot.") [Dkt. No.
11 18] 3–5. They argue that there is nothing in the Complaint to indicate that they "appreciated the
12 risk Marquez posed to Jones." *Id.* 3. Unlike Janakos, they are not alleged to have been on duty
13 during Marquez's previous attacks.

14 The Complaint is sufficient. I must draw reasonable inferences in Jones's favor at this
15 stage. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). One reasonable
16 inference—that Jones could likely only definitively learn through discovery—is that correctional
17 facilities keep records of violence by detainees to minimize the risk they pose. The Sheriff's
18 Office, as an institution, is alleged to have had knowledge of Marquez's previous attacks both
19 because they occurred in its custody and because it referred them for prosecution. *See* Compl. ¶
20 34. It is, therefore, reasonable to infer that the Sheriff's Office would have recorded those
21 incidents and communicated with its deputies about issues of concern. In light of this, it is
22 plausible that the defendants were aware of Marquez's history or should have been when he was in
23 their custody—for their own safety and that of other detainees. Discovery will reveal what the
24 defendants knew about Marquez's history, but the claim is adequately pleaded.

25 **II.   CLAIM AGAINST THE COUNTY**

26 The County also moves to dismiss the claim against it. For the reasons that follow, the
27 motion is granted with leave to amend.

28 Municipalities and local governments can be liable under Section 1983. *See Monell v.*

1  *Department of Social Services of City of New York*, 436 U.S. 658, 690–91 (1978). Their liability, however, must come from their own conduct, not that of their employees. *Id.* "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted). An "official municipal policy" means "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61. The Supreme Court has also "required that the plaintiff demonstrate that the policy or custom of a municipality reflects deliberate indifference to the constitutional rights of its inhabitants." *Castro*, 833 F.3d at 1073 (internal quotation marks and citation omitted). The policy or custom must, accordingly, be a "deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 1075 (internal quotation marks, alteration, and citation omitted).

The County argues that Jones has failed to adequately plead that there is a policy, practice, or custom that led to his injuries. Mot. 6–8. It contends the previous attacks are not sufficiently similar because they did not occur in jail "housing" and that the assault was not the result of a lack of supervision. *Id.* 5. And it argues that, to the extent the claim is intended to be a failure-to-train claim, he has not adequately pleaded deliberate indifference. *Id.* 8.

I agree that the claim is inadequate as pleaded, though remedying it appears straightforward. The Complaint defines the policies or customs at issue as (1) "not ensuring that people are housed in areas where they will be safe from violence," (2) "failing to segregate combative detainees," and (3) "failing to supervise holding cells to prevent physical violence among those detained." Compl. ¶ 43. The problem, however, is that these are the sole allegations about these alleged policies—mere allegations that they exist. Under standard pleading principles, that is insufficient. There are no "underlying facts" to plausibly indicate that these alleged policies exist. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Threadbare, conclusory allegations like these are insufficient to state a *Monell* claim. *See id.* As far as the Complaint reveals, the only time that any detainee with a history of violence was confined with

another was in Jones's specific incident, which is insufficient to show a policy or custom. Nor is there any indication about the details of the supervision or, more importantly, the training about the supervision to show a failure-to-train claim. This is not to say that Jones must exhaustively detail the County's alleged policies at the pleadings, but he must plausibly illustrate that policies or customs of some sort exist. He has leave to amend to do so.

Jones replies that the previous two attacks by Marquez are sufficient to show a policy or practice on their own. Opposition to the Mot. [Dkt. No. 28] 7. The first attack, though, is not on its own evidence of a policy of failing to protect because there is no indication that the defendants were (or should have been) on notice that Marquez was abnormally likely to attack fellow detainees before that point. The second incident did not occur in a holding cell, *see* Compl. ¶ 30, but all of Jones's alleged policies relate to behavior surrounding segregation practices in holding cells. That leaves the attack at issue here, before which the County plausibly had some warning that Marquez was potentially violent. While that single incident can certainly help support the existence of a policy or custom, the allegations about it are not sufficient as currently pleaded for the reasons explained.

## CONCLUSION

The motion to dismiss is DENIED on the claims of the individual defendants and GRANTED WITH LEAVE TO AMEND on the claim against the County. Any amended Complaint shall be filed within 30 days.

**IT IS SO ORDERED.**

Dated: December 21, 2021

William H. Orrick
United States District Judge